BENTON, Judge,
dissenting.
The parties should be spared the expense of further proceedings exceedingly unlikely *615 to change the result. The compensation order deals adequately with the question of sheltered employment in finding: The employer maintains a back-to-work program for disabled employees...
[[Image here]]
Although the claimant has returned to sedentary work with the employer that she has been able to perform on a part-time basis, this fact does not demonstrate that she is capable of competitive gainful employment. ...
The evidence showed that the position Ms. Cooper was given exists at only three of sixty-nine schools that the District operates; and that all three positions are held by injured workers receiving workers’ compensation benefits.
The majority relies on Walr-Mart Stores, Inc. v. Liggon, 668 So.2d 259 (Fla. 1st DCA 1996), in reversing in part and remanding for a determination whether “Cooper’s position constitutes sheltered employment.” But we said of this subsidiary question in Liggon:
The sheltered employment doctrine does not have a life of its own. Rather, it merely serves to vindicate the legislatively imposed parameters of permanent and total disability.
668 So.2d at 271. In the present case, the judge of compensation claims unequivocally found that Ms. Cooper, a sixty-eight-year-old school bus driver with an eighth-grade education, no typing skills, and a sixteen per cent impairment of the body as a whole, was permanently, totally disabled.
Under the statute, a compensation order “shall set forth the findings of ultimate facts and the mandate; and the order need not include any other reason or justification for such mandate.” § 440.25(4)(e), Fla. Stat. (1995). The pertinent rule adds nothing to this requirement. Fla. R. Work. Comp. P. 4.080(c)(“The order of the judge of compensation claims shall set forth findings of fact_”). The compensation order should be affirmed.